# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

*UNITED STATES OF AMERICA*

*V.*

**CAMERON MICHAEL MACGREGOR**

**CRIMINAL COMPLAINT**
(Electronically Submitted)

CASE NUMBER: 19-04203MJ-001PCT-CDB

I, the undersigned, state under oath that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On or about July 29, 2019, in the District of Arizona, within the confines of the Glen Canyon National Recreation Area, an area within the jurisdiction of the National Park Service, the defendant, **CAMERON MICHAEL MACGREGOR**, did unlawfully possess a controlled substance, that being marijuana, in violation of Title 36, Code of Federal Regulations, Sections 1.3 and 2.35(b)(2).

### COUNT 2

On, about, or between about July 1, 2019 to July 29, 2019, in the District of Arizona, within the confines of the Glen Canyon National Recreation Area, an area within the jurisdiction of the National Park Service, the defendant, **CAMERON MICHAEL MACGREGOR**, did unlawfully obtain and exercise possession over the property of another with the purpose to deprive the owner of the property, in violation of Title 36, Code of Federal Regulations, Sections 1.3 and 2.30(a)(1).

I further state that I am a sworn law enforcement Ranger with the National Park Service, and that this Complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT INCORPRATED HEREIN.**

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

REVIEWED BY: */s AUSA Paul V. Stearns*

__X__ Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct.

Matthew Popores, Ranger, NPS
Complainant's Name and Title

_/s/ Matthew Popores_   07/29/2019
Complainant's Signature   Date

__X__ Sworn by Telephone

July 29, 2019 at 8:14 p.m.
Date/Time

Flagstaff, Arizona
City and State

Camille D. Bibles, U.S. Magistrate Judge
Name & Title of Judicial Office

_Camille D Bibles_
Signature of Judicial Officer

2

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY SUBMITTED AFFIDAVIT**

Your affiant, Ranger Matthew Popores, hereby states under oath as follows:

1. Your affiant is a US Park Ranger with the National Park Service (NPS), United States Department of the Interior, and he is presently assigned to the Wahweap District at Glen Canyon National Recreation Area. Your affiant has been employed by the NPS since 2010 and has worked as a federal law enforcement officer in New Jersey, Nevada, Utah, and Arizona. Your affiant has received specialized training at the Federal Law Enforcement Training Center, completing the Land Management Police Training. Your affiant has extensive training and experience in investigating incidents involving criminal violations.

2. The information contained in this affidavit is from your affiant's personal knowledge, as well as from information provided to your affiant by other law enforcement officers and/or witnesses including those listed herein. Because this affidavit is being submitted to establish probable cause, your affiant has not listed each item and every fact known regarding this investigation.

**Investigation**

3. On July 29, 2019, at about 9:40 am, Glen Canyon Dispatch was advised by an Aramark (the authorized concessionaire at Wahweap) manager that they wanted to report a theft of alcohol by an employee. Your affiant requested that the manager come to the District Ranger's Office to file the report.

4.      At approximately 11:40 am, your affiant met with Kristy BROWN in the District Ranger's Office parking lot. BROWN identified herself as a manager for Aramark, who is the supervisor for the manager of the Wahweap Marina Store. BROWN stated that she was told by the manager, Olivia ISKE, that an unidentified employee observed another employee, identified as Cameron James MACGREGOR, putting alcohol from the store into a box. The unidentified employee later saw MACGREGOR take the box from the store. When ISKE confronted MACGREGOR, he admitted to taking the alcohol. MACGREGOR made a list of the alcohol he had taken and signed it. BROWN stated that she believed the list was for the alcohol taken in the last month. MACGREGOR had been working at the store for about four months. BROWN estimated the total amount of alcohol taken to be $368.50. BROWN stated that MACGREGOR said he would take the alcohol then pay it back later, but had not paid for the alcohol on the list. BROWN also said there were other undocumented accusations that MACGREGOR was giving merchandise away to other workers. Your affiant received a copy of the written statement.

5.      At approximately 12:13 pm, Coconino County Deputy Plunkett and your affiant contacted MACGREGOR at his dorm room in the Wahweap Aramark housing area. Your affiant talked to MACGREGOR in the hallway. MACGREGOR stated that he had taken alcohol from the store he worked at but planned to pay it back.

6. MACGREGOR allowed Deputy Plunkett and your affiant into his dorm room. Your affiant smelled marijuana upon entering the room. MACGREGOR quickly sprayed the room with deodorizer. Your affiant asked about marijuana in the room. MACGREGOR stated friends were in the room earlier and may have had some. When questioned about taking the alcohol, MACGREGOR stated the he had been taking alcohol from the store and paying it back later. MACGREGOR stated he did not see a problem with this. MACGREGOR stated the he had been paying the store back through other co-workers within a short time of taking the alcohol. MACGREGOR stated that he fell behind on his repayments for the past month but planned on paying the store back. MACGREGOR stated that after paying for food, he did not have money for alcohol. MACGREGOR stated that he kept a running tab of what he owed the store on a notebook in the store. The notebook was used to keep track of temperatures by all the employees. MACGREGOR said after he had paid an item back, he would throw away that sheet.

7. MACGREGOR filled out a written statement at your affiant's request. Within the statement MACGREGOR wrote, "I took beers and wine out of the cooler and took advantage of the system in a way that I didn't see as theft but as an advance that was under the table." MACGREGOR also wrote, "I have taken and paid back close to $100 and I still owe about $150-200 which I plan to pay as soon as I get my money."

8. Your affiant asked MACGREGOR if there was any alcohol taken from the store still in the room. MACGREGOR stated there was none. Your affiant asked for and received consent to search the room. MACGREGOR then went into the bathroom. Your affiant had observed a propane blowtorch and an open toolbox through the partially open bathroom door. The access to the bathroom was obstructed by a bunk bed that was in front of the door, and the view into the bathroom was obstructed. MACGREGOR started picking up items and walking behind the door, out of your affiant's view. Deputy Plunkett went into the bathroom to ensure MACGREGOR was not destroying evidence or retrieving a weapon. Your affiant followed. Your affiant observed a glass marijuana pipe on the sink. The bowl of the pipe contained what appeared to be partially burned marijuana. Your affiant asked MACGREGOR what he was picking up. MACGREGOR admitted that he was picking up a bong (containing marijuana residue). MACGREGOR gave your affiant the bong. MACGREGOR and Deputy Plunkett went into the hallway while your affiant performed the consent search of the room due to its small size.

9. During the search, your affiant found a white and red metal herb grinder containing marijuana particles, a small clear glass dish containing burnt marijuana residue, two bowl pieces for the bong containing burnt marijuana residue, and a multicolored rubber/glass smoking pipe containing burnt marijuana

4

residue in the bathroom cabinet. Your affiant located a green rubber skull containing what appeared to be marijuana. Your affiant also located several hats with Lake Powell and Reef lettering on the bathroom floor. Your affiant located three Lake Powell t-shirts, three Lake Powell magnets, four Lake Powell shot glasses, one Lake Powell flask and one Arizona flag bandana/neck sleeve. Your affiant located a drawer with a large number of Walmart receipts, but few receipts from the Aramark stores. None of the receipts appeared to have been for alcohol. A total of five hats sold at the store were located in the room.

10. Your affiant showed MACGREGOR the drug paraphernalia and merchandise. MACGREGOR admitted the herb grinder, green skull with marijuana, and multicolored pipe were his but stated friends owned the rest of the drug paraphernalia. MACGREGOR initially stated that he had only taken one of the t-shirts but paid for the rest of the merchandise. He stated he knew he could not return the shift after taking and wearing it. After further questioning, MACGREGOR admitted that all but two hats, one shirt, and the four shot glasses were taken from the store without paying for them.

11. Your affiant seized the above-mentioned items, as well as several receipts and a price tag for a Reef hat from a Lake Powell store.

12. Your affiant was told by Deputy Plunkett, who had gone to the marina store to follow up, that a worker at the store, Porscha GREYMOUNTAIN, stated she had seen MACGREGOR take alcohol on several occasions. Deputy Plunkett

5

found the notebook referenced by MACGREGOR. Deputy Plunkett said that there were notes in what was identified as MACGREGOR's handwriting in the notebook for items including alcohol, pain relievers, and food items.

13. Your affiant weighed the marijuana found in the green skull container. It totaled 0.65 grams. Your affiant also performed a field/NIK test on the substance, which tested positive for marijuana.

14. Based on training and experience, your affiant knows that marijuana is a Schedule I controlled substance that is illegal to possess and consume.

## Conclusion

15. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Cameron Michael MACGREGOR violated federal law, 36 C.F.R. §§ 2.35(b)(2) and 2.30(a)(2).

16. Your affiant is respectfully seeking an arrest warrant for Cameron Michael MACGREGOR.

**Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.**

_07/29/2019_
Date

_____
Matthew Popores
US Park Ranger, NPS

____ Sworn by Telephone

6

July 29, 2019 at 8:14 p.m.
Date/Time

*Camille D Bibles*
Camille D. Bibles
United States Magistrate Judge

7